IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA, et al.    :          CIVIL ACTION
                                    :
        v.                          :
                                    :
NEILSON M. CARLIN                   :          NO. 06-1906

<u>MEMORANDUM</u>

Bartle, C.J.                                   September 11, 2006

        The United States has filed a complaint against Neilson
M. Carlin, pursuant to 26 U.S.C. § 7604, to enforce an Internal
Revenue Service ("IRS") summons.

        On October 13, 2005, Carlin was served with an IRS
summons issued pursuant to 26 U.S.C. § 7602.  It directed him to
testify before IRS officer Vawn M. Muse and to produce for
examination all documents and records in his possession or
control reflecting the receipt of taxable income for the years
2000 through 2004.  Carlin did not comply with the summons.  The
Government thereafter filed a complaint to enforce.  We issued an
Order to Show Cause, which Carlin answered on June 16, 2006.  In
his answer, Carlin challenged the IRS summons on various grounds,
including allegations that the investigation and request for
information by the government served no legitimate purpose and
that the issuance of the summons did not meet the procedural
requirements in the Internal Revenue Code.  Carlin also raised as

a defense his Fifth Amendment privilege against self-incrimination.

The Court scheduled a Show Cause Hearing for July 24, 2006. At the hearing, Carlin again asserted his Fifth Amendment privilege and refused to produce any documents sought by the summons. We continued the hearing until August 24, 2006 in part to allow the parties to brief the constitutional issue.

By order dated July 25, 2006, we required Carlin to compile all documents responsive to the IRS summons, to create a log describing each document he believed to be protected by the Fifth Amendment, and to produce to IRS officer Muse on August 22, 2006 all documents he viewed as non-privileged. Carlin was also ordered to appear at a hearing before the court on August 24, 2006 with all privileged documents and the associated log.

At the August 24, 2006 hearing, IRS officer Muse testified that the purpose of the summons was to investigate Carlin's delinquent tax liability. She stated that at that time, she had no intention of referring the matter to the Department of Justice for criminal prosecution and was not aware of any referral or any other criminal investigation of the matter.

In accordance with the July 25, 2006 order, Carlin supplied the court with the privilege log for in camera review and asserted the Fifth Amendment privilege against self-incrimination with respect to each document identified. A

taxpayer must assert the privilege as to each question asked or document requested and may not rest on a "blanket assertion" of the right against self-incrimination.  <u>United States v. Allshouse</u>, 622 F.2d 53, 56 (3d Cir. 1980).  Carlin further agreed to submit to the court for in camera inspection all the documents identified in the log so that the court could make a determination whether he must provide to the Government any or all of the documents in question.

The IRS, pursuant to 26 U.S.C. § 7602(a), is authorized to summon persons or examine books, papers, records or other data "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting such liability. . . ."  The government must establish a prima facie case of the enforceability of the summons.  <u>United States v. Powell</u>, 379 U.S. 48.  It must show that there is a legitimate purpose for the investigation, that the inquiry may be relevant to that purpose, that the IRS Commissioner does not already have the information requested and that the administrative steps outlined by the Code have been followed.  <u>United States v. Rockwell International</u>, 897 F.2d 1255, 1262 (3rd Cir. 1990) <u>citing</u> <u>Powell</u> 379 U.S. at 57-58.  In this case, the government

has made the four showings necessary to make out a prima facie case of enforceability.  First, the investigation's stated purpose of determining Carlin's tax liability for the years 2000 through 2004 is prima facie legitimate under 26 U.S.C. § 7602. The testimony and documents requested in the summons regarding the receipt of taxable income by Carlin are certainly relevant to the stated purpose of the IRS investigation.  Officer Muse has additionally stated that the information sought by the summons is not already in the possession of the IRS and that all administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.  Muse Decl. at ¶¶ 7-8.

Once the government has established its prima facie case, the taxpayer has the burden of showing that the summons is not enforceable, a burden that has been characterized as a "heavy" one.  Pickel v. United States, 746 F.2d 176, 184-85 (3rd Cir. 1984) (citations omitted).  Carlin has challenged the enforceability of the summons on several grounds.  However, his arguments that the summons was issued without legitimate purpose and that it did not comply with all procedural regulations required by the Code are patently without merit and require no further discussion.

We therefore turn to Carlin's contention that he is excused from complying with the summons based on his Fifth Amendment privilege against self-incrimination.  The Fifth

-4-

Amendment provides that "No person...shall be Compelled in any criminal case to be a Witness against himself." U.S. Const. amend. V.  This privilege against self-incrimination "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory." <u>Kastigar v. United States</u>, 406 U.S. 441, 444 (1972).  The privilege "applies only where a person is compelled to make a Testimonial Communication that is incriminating." <u>Fisher v. United States</u>, 425 U.S. 391, 408 (1976).  It is important to emphasize that the Fifth Amendment does not shield the content of documents from inspection and use by the government unless the government has compelled a person to create them. <u>United States v. Doe</u>, 465 U.S. 605, 610-612 (1984); <u>see also</u> <u>United States v. Hubbell</u> 530, U.S. 27, 35-6 (2000).  Rather, the Fifth Amendment is limited to protecting a person from being compelled to testify or to produce documents under circumstances where such production amounts to a testimonial communication. <u>Fisher</u>, 425 U.S. at 409-10.  Mere speculation about the potential for incrimination is not sufficient.  The taxpayer must make a showing that the disclosures will confront him with a hazard of self-incrimination that is "real and appreciable, not merely imaginary and unsubstantial." <u>Marchetti v. United States</u>, 390 U.S. 39, 48 (1968).

The element of a "physical or moral" compulsion on

Carlin, the person asserting the privilege, is clearly met. Pennsylvania v. Muniz, 496 U.S. 582, 591 (1990) citing Holt v. United States, 218 U.S. 245, 252-3 (1910).  The summons, issued by Vawn M. Muse, a Revenue Officer at the IRS, was directed to Carlin personally.  It required that he appear at a specified date and time at the King of Prussia office of the IRS to testify and produce certain documents and records

To the extent that Carlin was ordered to give oral testimony, he was certainly being compelled to make a testimonial communication.  Doe, 465 U.S. at 610-612; see also Hubbell 530, U.S. at 35-6.  The more difficult issue is whether the documents and records Carlin was expected to produce also constitute testimonial communications.  The summons required that Carlin produce "All documents and records in [his] possession or control reflecting the receipt of taxable income" for the calendar years 2000 through 2004.  The list of requested documents included some prepared by third-parties as well as some prepared by Carlin himself.

"[I]n order to be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information."  Doe v. United States, 487 U.S. 201, 210 (1988).  The Supreme Court has explained that an act of document production can be a testimonial communication within the scope of the Fifth Amendment privilege

-6-

because "by producing documents in compliance with a subpoena, the witness would admit that the papers existed, were in his possession or control, and were authentic." Id. at 209, citing United States v. Doe, 465 U.S. at 613; see also Fisher 425 U.S. at 409-10.

Not all acts of production, however, fall under the protection of the privilege.  A taxpayer, for example, cannot prohibit the enforcement of a summons for his tax records in the hands of his accountant or even his lawyer (or, by logical extension, other third parties) because it is not the taxpayer who is being compelled to produce them and therefore the production is not the taxpayer's own testimonial communication. Fisher, 425 U.S. at 409; see also Couch v. United States 409 U.S. 322 (1973).  The taxpayer in that circumstance is not being asked to admit the existence or possession of the documents or to authenticate them.  Fisher 425 U.S. at 409-10.  Similarly, a taxpayer makes no testimonial communication when he produces documents in his own possession which were created by third-parties.  See United States v. Doe, 465 U.S. at 611 (citing Fisher, 425 U.S. at 409-10); accord United States v. Gippetti, 153 Fed. Appx. 865, 869 (3d Cir. 2005).  This category of documents includes bank statements and documents required by the government to be prepared, such as W-2 reports.  See United States v. Burgess 1999 WL 46625 (E.D.Pa. 1999).  We see no reason

why it would not also include receipts from postal money orders, which are documents created by the post office, the entity that issued the money orders.  Such documents are not prepared by the taxpayer, and possession and production by the taxpayer does not serve to authenticate them.  Fisher, 425 U.S. at 409.  Thus, to the extent that the IRS has summonsed documents prepared by third-parties, such as bank statements and postal money order receipts, Carlin may not shield their production by invoking the Fifth Amendment privilege against self-incrimination.

We turn now to the records in Carlin's possession that he may have generated himself.  The production of such documents is considered a testimonial communication if their production would force the taxpayer to admit that they exist, that they are in the possession or control of the taxpayer, or that they are authentic.  Doe v. United States, 487 U.S. at 208.  After an in camera review, the Court finds that the production of any documents created by Carlin would constitute a testimonial communication.  Their production would result in the taxpayer making each of the above admissions.

The final question regarding the availability of the Fifth Amendment privilege with respect to the production of documents created by Carlin is whether the compelled testimonial communications at issue are also incriminating.  As the Supreme Court explained in Marchetti, to invoke the Fifth Amendment

-8-

privilege, the taxpayer must show that the disclosures will result in "real and appreciable, not merely imaginary and unsubstantial, hazards of self-incrimination."  390 U.S. at 48. It cannot be disputed that tax investigations frequently lead to criminal prosecutions.  See Mathis v. United States, 391 U.S. 1, 4 (1968).  Willfully attempting to evade a tax and wilfully failing to file a tax return are federal crimes.  26 U.S.C. §§ 7201 and 7203.  According to the government, Carlin has not filed tax returns for the years 2000 through 2004.  Although the government argues that it is proceeding civilly and that the IRS has no intention of referring the matter to the Justice Department for criminal prosecution, it has not said that it will never proceed criminally against Carlin in connection with the tax years in question.[1]  Significantly, the Government has not offered him use immunity for the act of production, as permitted under 18 U.S.C. §§ 6002 and 6003, and as upheld in Kastigar v. United States.  406 U.S. 441.

Ultimately, it is for the trial court to determine whether the asserted fear of self-incrimination is legitimate by looking at both "[the judge's] personal perceptions of the

---

[1] The government additionally argues that the production of the documents should not be considered incriminating because Carlin has not been referred to the Justice Department for prosecution.  This argument is inapposite, as once an IRS investigation has been referred to the Justice Department, no IRS summons can be enforced.  26 U.S.C. §7602(d); United States v. LaSalle National Bank, 437 U.S. 298, 312.

peculiarities of the case [as well as] by the facts in evidence."
Hoffman v. U.S., 341 U.S. 479, 487 (1951) (citation omitted).
Under the circumstances present here, the compelled production of
documents created by Carlin would create hazards of self-
incrimination that are real and appreciable.

      The government argues that there is a bright line rule
in the Third Circuit that a taxpayer must produce any and all
documents sought by an IRS summons so long as the matter has not
been referred to the Justice Department.  It cites Pickel v.
United States for this proposition.  746 F.2d at 184.  We
disagree.  The defendant in Pickel, unlike Carlin, had not raised
the privilege against self-incrimination as a defense to the
enforcement of the summons and the Court of Appeals had no
occasion to discuss it.

      Carlin has properly asserted his Fifth Amendment
privilege against self-incrimination with respect to oral
testimony sought by the IRS summons as well as with respect to
the production of documents that he himself may have prepared.
Absent the grant of statutory use immunity, Carlin does not have
to produce those records.  On the other hand, as noted above,
Carlin may not successfully invoke a Fifth Amendment privilege
against the production of documents in his possession, such as
bank statements and receipts for money orders, which were
prepared by third-parties.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA, et al.   :        CIVIL ACTION
                                   :
              v.                   :
                                   :
NEILSON M. CARLIN                  :        NO. 06-1906

                            ORDER

_____AND NOW, this 11th day of September, 2006, for the reasons
set forth in the accompanying Memorandum, it is hereby ORDERED
that:

         (1) the complaint to enforce the October 13, 2005
Internal Revenue Service summons is GRANTED in part and DENIED in
part; and

         (2) defendant Nielson M. Carlin shall produce to
Revenue Officer Vawn M. Muse all documents, such as bank
statements and receipts for money orders, responsive to the
October 13, 2005 IRS summons, which were prepared by parties
other than the defendant himself.



                         BY THE COURT:


                              /s/ Harvey Bartle, III
                                        C.J.